# IN THE COURT OF APPEALS OF IOWA

No. 23-0078
Filed March 29, 2023

**IN THE INTEREST OF J.C. and S.C.,**
**Minor Children,**

**K.C., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Stephen K. Allison of Stephen Allison Law, PLLC, Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Richelle M. Mahaffey, Assistant State Public Defender, Des Moines, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of a mother and father to their two children. Only the mother appeals. She raises only one issue—she argues the State failed to make active efforts toward reunification as required by the Indian Child Welfare Act (ICWA). *See* Iowa Code § 232B.5(19) (2022). The active-efforts requirement is unique to child-in-need-of-assistance and termination-of-parental-rights proceedings when ICWA applies. ICWA applies when the child or children qualify as an "Indian child" under ICWA. *See id.* § 232B.4(1); *In re Z.K.*, 973 N.W.2d 27, 28 (Iowa 2022).

Our review of the record reveals a flaw fatal to the mother's entire claim on appeal—neither child qualified as an "Indian child" to trigger application of ICWA and its active-efforts requirement. The juvenile court determined ICWA applied because the children are eligible for membership in the Choctaw Nation of Oklahoma through their paternal family. However, that fact alone does not qualify the children as "Indian child[ren]" under ICWA, which the tribe pointed out in a letter discussing the children's eligibility for membership. *See Z.K.*, 973 N.W.2d at 34 ("[T]he statute requires more than eligibility of tribal membership; it requires that the child have a biological parent who is already a member.").

In *Z.K.*, our supreme court made clear ICWA is triggered when a child meets the statutory definition of an "Indian child" within federal ICWA.[1] *Id.* That definition "means any unmarried person who is under age eighteen and is either (a) a

---

[1] *Z.K.* explains that state ICWA statutes cannot provide a more expansive definition of "Indian child" because "the federal definition provides the boundary for the application of both state and federal statutes." 973 N.W.2d at 33.

member of an Indian Tribe or (b) is eligible for membership in an Indian Tribe and is the biological child of a member of an Indian Tribe[.]" *Id.* at 32 (alteration in original) (quoting 25 U.S.C. § 1903(4)). "Under the federal definition, it is clear that either the biological parent or the child must be a *member* of an Indian tribe in order to trigger federal ICWA." *Id.* At the time of the termination hearing neither child was a member of the tribe nor was the father.[2] There is no claim that the mother is a member of the tribe. It does not matter that the children may become members of the tribe at some future time. *Id.* at 32–33 ("It is clear that at the time the determination of ICWA applicability is made by the court, either the biological parent or the child must be a member of the tribe; it does not matter whether in the future the child might become a member."). What matters is that, at the time of the termination hearing, neither of the children and neither of the parents were tribe members. *Id.* at 34 (noting the time of the hearing as the relevant point of determining ICWA applicability). So, neither child met the definition of "Indian child" within ICWA, ICWA did not apply to the case, and the State was not required to establish it made active efforts to reunify the family. As ICWA applicability was the sole basis for the mother's claim on appeal, her claim fails.[3]

**AFFIRMED.**

---

[2] The father had applied for tribal membership but had not submitted all of the documentation required by the tribe to establish his membership.

[3] For good measure, we note our review of the record makes clear this family received services intended to assist reunification, but the children could not be safely reunified with either parent because the father was in prison and the mother continued to abuse methamphetamine. So a statutory ground for termination was satisfied. *See* Iowa Code § 232.116(1)(h). Termination was also in the children's best interests because it will help the children find a safe and permanent home. *See id.* § 232.116(2).